UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHERROD V. BRIGHT, ) | Civil Action No.: 4:07-3002-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE DRUG ) | |
| ENFORCEMENT ADMINISTRATION ) | |
| and FLORENCE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that Defendant violated his constitutional rights by seizing his vehicle and $36,110.00 following a traffic stop. Presently before the Court is U.S. Department of Justice Drug Enforcement Administration's (DEA) Motion to Dismiss (Document # 20). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of his Complaint. Plaintiff's Response was due December 18, 2007. He filed his Response (Document # 25) on December 20, 2007. Even though Plaintiff's Response was not timely filed, the undersigned will consider it out of an abundance of caution.

Also before the Court are Plaintiff's Motions pursuant to Fed.R.Civ.P. 67 (Document # 26), Fed.R.Civ.P. 57 (Document # 27), Fed.R.Civ.P. 52 (Document # 28), Fed.R.Civ.P. 56 (Document # 29), Fed.R.Civ.P. 58 (Document # 30), Fed.R.Civ.P. 64 (Document # 31),  Fed.R.Civ.P. 62 (Document # 32) and Fed.R.Civ.P. 65.1 (Document # 33).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff asserts the following allegations in his Complaint (Document # 1):

> On 8-29-07, officers of the Florence Police Dept stopped plaintiff for speeding and gave him a warning. His van was searched and turned over to the D.E.A. for no apparent reason. Plaintiff went to D.E.A. to have the property that was illegally seized returned to him, thus exhausting any administrative remedy. Florence County Sheriff's Dept. has possession of the van listed in Ex. B. Neither Florence County or the DEA has charged Plaintiff with a criminal offence (sic).
>         Plaintiff alledges (sic) in this action that his rights under the Due Process Clause of the Fifth Amendment was violated . . . as well as his rights under the Fourth Amendment to be free from an illegal search and seizure were violated under the circumstances of his case. This case is maintainable under Bivens v. Six Unknown Agents.

Complaint at 4-5. Plaintiff seeks the return of his property as well as monetary damages.[1]

On September 20, 2007, DEA sent known potential claimants, including Bright, a notice of the seizure of the currency and, on September 25, 2007, a notice of the seizure of the vehicle. The notice included information on how to file a claim to contest the forfeiture or to request remission of the forfeiture, as well as the required time frames for making such submissions, in conformity with 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75. Plaintiff filed a claim which was received by DEA on October 9, 2007. The submission of a claim in the administrative proceeding triggers in the United States the obligation to file a civil judicial action to continue the forfeiture proceedings. 18

---

[1]Plaintiff filed an amendment to his Complaint (Document # 13) prior to service on the Defendants in which he adds the seized currency as a Defendant and monetary damages to his request for relief.

U.S.C. § 983(a)(3)(A)). Under the facts of this case, any such complaint must be filed within 90 days of Plaintiff's claim. Id.  On January 4, 2008, the United States filed forfeiture proceedings. See United States of America v. 36110 dollars in US Currency and One Ford Windstar Automobile 2000, 4:08-cv-0029-TLW-TER.

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal.  Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   DISCUSSION

### A.   DEA's Motion to Dismiss

Plaintiff purports to bring this action under Bivens v. Six Unknown Named Agents of Federal Narcotics Agents, 403 U.S. 388 (1971). In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983 against state actors. Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983) (Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against agencies of the United States. See United States v. Mitchell, 463 U.S. 206, 212 (1983) (the United States cannot be sued without its express consent .); FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Thus, the DEA has sovereign immunity and this court lacks jurisdiction over Plaintiff's claims for monetary damages pursuant to Bivens.[2]

Plaintiff's also asserts a claim for return of the property seized. As noted above, after this action was filed, the DEA sent Plaintiff notices of the seizure of the property, which informed Plaintiff how to contest the forfeiture pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75. Plaintiff timely filed a claim contesting the forfeiture. Subsequently, the United States filed judicial forfeiture proceedings. See United States of America v. 36110 dollars in US Currency and One Ford Windstar Automobile 2000, 4:08-cv-0029-TLW-TER. The forfeiture proceeding arises out of the

---

[2]Plaintiff has not alleged any official policy or custom of the DEA that resulted in illegal action. Thus, Monell v. Department of Social Services, 436 U.S. 658 (1978) is inapplicable.

same circumstances as the present action and includes the same currency and the same vehicle Plaintiff alleges to have been illegally seized.

The Fourth Circuit has held that, "[b]ased on the clear mandate of the statutory scheme, we conclude, as have other circuits facing this issue, that once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction. The court remains without jurisdiction during the pendency of the proceeding unless the claimant timely files a claim and cost bond or request to proceed in forma pauperis." Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997). Plaintiff timely filed a claim and judicial forfeiture proceedings have been initiated. Thus, this court has jurisdiction over the judicial forfeiture proceeding. Because civil forfeiture proceedings have been initiated, the proper route for Plaintiff to pursue the return of his property is through those proceedings. See United States v. Akers, 215 F.3d 1089, 1106 (10th Cir.2000) ("This court has held that a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property."). See also United States v. $83,310.78 in United States Currency, 851 F.2d 1231, 1235 (9th Cir.1988) (when civil forfeiture proceeding is pending, claimant may not seek equitable remedy in district court); In re Harper, 835 F.2d 1273, 1274-75 (8th Cir.1988) (legality of seizure should be tested in forfeiture proceeding). Thus, Plaintiffs claims against the DEA should be dismissed without prejudice.[3]

### B. Plaintiff's Motions

Plaintiff has filed eight motions pursuant to Rules 67, 57, 52, 56, 58, 64, 62, and 65.1, Fed.R.Civ.P. However, in each motion Plaintiff simply includes a bald request that each motion be granted pursuant to the particular procedural rule designated and for the reasons stated in all of the

---

[3]Plaintiff does not assert a claim under the Federal Tort Claims Act or the necessary exhaustion of remedies for such a claim.

pleadings, motions and affidavits submitted. In support of the motions, Plaintiff submits an affidavit signed by him and William H. Miller which states that Plaintiff and Miller appeared before each and every agency contained in the Notice of Seizure. It states further that Defendant Florence County Sheriff's Department has failed to answer the Complaint. However, Plaintiff has not filed a Motion pursuant to Rule 55, Fed.R.Civ.P. Plaintiff's Motions and the affidavit submitted in support are insufficient to provide the relief sought by Plaintiff and the Motions should be denied.

## V.     CONCLUSION

In light of the above analysis, it is recommended that DEA's Motion to Dismiss (Document # 20) be granted without prejudice. Plaintiff should pursue his claim for return of the seized property through 4:07-cv-0029-TLW-TER. It is further recommended that Plaintiff's Motions pursuant to Fed.R.Civ.P. 67 (Document # 26), Fed.R.Civ.P. 57 (Document # 27), Fed.R.Civ.P. 52 (Document # 28), Fed.R.Civ.P. 56 (Document # 29), Fed.R.Civ.P. 58 (Document # 30), Fed.R.Civ.P. 64 (Document # 31), Fed.R.Civ.P. 62 (Document # 32) and Fed.R.Civ.P. 65.1 (Document # 33) be denied.[4]

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

August 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

---

[4] Defendant Florence County Sheriff's Department is still a defendant in this action. Therefore, the case should not be dismissed in its entirety.