**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Sherrod V. Bright, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:4:07-3002-TLW-TER |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Department of Justice Drug | ) | |
| Enforcement Administration and | ) | |
| Florence County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Plaintiff, proceeding *pro se*, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that defendants violated his constitutional rights by seizing his vehicle and $36,110.00 following a traffic stop. The U.S. Department of Justice Drug Enforcement Administration ("DEA") filed a motion to dismiss the action. (Doc. #20). Because the plaintiff is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion to dismiss could result in dismissal of his complaint. (Doc. #22). The plaintiff responded to the motion to dismiss. (Doc. #25). All pretrial proceedings in this case were referred to Magistrate Judge, Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 363(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

This matter comes before the Court by way of review of the Report and Recommendation filed by the magistrate judge to whom this case had previously been assigned. (Doc. #49). The plaintiff filed objections to the Report. (Doc. #54). The Report recommends that the DEA's motion to dismiss be granted without prejudice. The Report explains that the plaintiff should pursue his

claim for return of the seized property through the forfeiture case (4:07-cv-0029). (Doc. #49). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has carefully reviewed the Report and the objections thereto. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #49) and the case is dismissed without prejudice.[1]

**IT IS SO ORDERED**.

    S/Terry L. Wooten
Terry L. Wooten
United States District Judge

September 15, 2008
Florence, South Carolina

---

[1] The Court accepts the Report in full, including the denial of plaintiff's additional filings: Document #26, Document #27, Document #28, Document #29, Document #30, Document #31, Document #32, and Document #33.