UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHERROD V. BRIGHT,<br><br>          Plaintiff,<br><br>      -vs-<br><br>U.S. DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION and FLORENCE COUNTY SHERIFF'S DEPARTMENT,<br><br>          Defendants.<br>_____ | Civil Action No.: 4:07-3002-TLW-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, alleges that his Fourth and Fifth Amendment rights were violated when his vehicle was searched and seized following a traffic stop.  Presently before the Court is Defendant Florence County Sheriff Department's Motion to Dismiss (Document # 70). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of his Complaint.  Plaintiff's Response to the Motion to Dismiss was due January 27, 2009.  To date, Plaintiff has not filed a response.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.  Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

**II.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff asserts the following allegations in his Complaint (Document # 1):

On 8-29-07, officers of the Florence Police Dept stopped plaintiff for speeding and gave him a warning. His van was searched and turned over to the D.E.A. for no apparent reason. Plaintiff went to D.E.A. to have the property that was illegally seized returned to him, thus exhausting any administrative remedy. Florence County Sheriff's Dept. has possession of the van listed in Ex. B. Neither Florence County or the DEA has charged Plaintiff with a criminal offence (sic).
    Plaintiff alledges (sic) in this action that his rights under the Due Process Clause of the Fifth Amendment was violated . . . as well as his rights under the Fourth Amendment to be free from an illegal search and seizure were violated under the circumstances of his case. This case is maintainable under Bivens v. Six Unknown Agents.

Complaint at 4-5. Plaintiff seeks the return of his property as well as monetary damages.[1]

On September 20, 2007, DEA sent known potential claimants, including Bright, a notice of the seizure of the currency and, on September 25, 2007, a notice of the seizure of the vehicle. The notice included information on how to file a claim to contest the forfeiture or to request remission of the forfeiture, as well as the required time frames for making such submissions, in conformity with 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75. Plaintiff filed a claim which was received by DEA on October 9, 2007. The submission of a claim in the administrative proceeding triggers in the United States the obligation to file a civil judicial action to continue the forfeiture proceedings. 18 U.S.C. § 983(a)(3)(A)). Under the facts of this case, any such complaint must be filed within 90 days of Plaintiff's claim. Id. On January 4, 2008, the United States filed forfeiture proceedings. See United States of America v. 36110 dollars in US Currency and One Ford Windstar Automobile 2000, 4:08-cv-0029-TLW-TER.

---

[1] Plaintiff filed an amendment to his Complaint (Document # 13) prior to service on the Defendants in which he adds the seized currency as a Defendant and monetary damages to his request for relief.

On August 11, 2008, the undersigned entered a Report and Recommendation (Document # 49) on the DEA's Motion to Dismiss, recommending that it be granted without prejudice. In the Report and Recommendation, the undersigned noted that Plaintiff could not maintain a Bivens action against the United States or an agency of the United States and that the proper route for Plaintiff to pursue the return of his property was through the judicial forfeiture proceedings initiated by the United States. The district judge adopted the Report and Recommendation by Order (Document # 57) dated September 16, 2008.

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   DISCUSSION

Defendant Florence County Sheriff's Department (the FCSD) argues that it should be dismissed from this action for the same reason the DEA was dismissed. The undersigned agrees. Plaintiff cannot maintain a claim for violation of his constitutional rights pursuant to 42 U.S.C. § 1983[2] against the FCSD. The FCSD has Eleventh Amendment immunity to Plaintiff's claims for damages. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. Gulledge v. Smart, 691 F.Supp. 947, 954-55 (D.S.C.1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), aff'd, 878 F.2d 379 (4th Cir.1989); Carroll v. Greenville County Sheriff's Dep't, 871 F.Supp. 844, 846 (D.S.C.1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the FCSD is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. Stewart v. Beaufort County, 481 F.Supp.2d 483, 492 (D.S.C.2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such

---

[2]Plaintiff brought his constitutional claim against the DEA pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, the analysis is the same.

a suit is barred by state immunity."). Thus, this Court lacks jurisdiction over Plaintiff's claims for monetary damages against the FCSD.[3]

Furthermore, to the extent Plaintiff seeks a return of the property seized during the traffic stop, the proper avenue for such a claim is through the judicial forfeiture proceedings initiated by the United States on January 4, 2008. Therefore, it is recommended that Plaintiff's claims against the FCSD be dismissed.

## V.    CONCLUSION

For the reasons stated above, it is recommended that the FCSD's Motion to Dismiss (Document # 70) be granted and this case dismissed.[4]

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 4, 2009<br>
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

---

[3] Plaintiff has not alleged any official policy or custom of the FCSD that resulted in illegal action. Thus, Monell v. Department of Social Services, 436 U.S. 658 (1978) is inapplicable.

[4] Because Plaintiff never responded to the Motion to Dismiss, dismissal is also appropriate for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.  See Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).